No. 389
GORMAN v. CLEVELAND (City) et.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7382. Decided May 21, 1927

208. CARRIERS—Although carrier is held to highest degree of care, when he uses safety equipment in general use among like carriers, and the cause of the injury is unforeseen and unusual, it is not error to direct a verdict in its favor.

801. MUNICIPAL LAW—City truck collecting ashes, rubbish or garbage is engaged

in governmental and not proprietary function of government.

First Publication of this Opinion

SULLIVAN, P. J.

Anthony Gorman brought his action in the Cuyahoga Common Pleas to recover $15,000 damages for personal injuries alleged to have been received while alighting from a street car. The car had stopped and the conductor of the street car had swung the door open, at this juncture a truck belonging to the City of Cleveland struck the door causing it to slide back catching the foot of Gorman and causing the injury. The action was brought jointly against the city and the street car company and as a defense to the action the street car company alleged that although they owed Gorman the highest degree of care, they were not obligated to equip their cars with safety devises providing against collisions of the character of the one at bar. The City defended that they were engaged in a governmental function and not proprietary and were therefore not liable.

The lower court on motions of both defendants directed a verdict in their favor and Gorman brings error. The Court of Appeals held:

1. While a carrier owes its passengers the highest degree of car, it is compelled only to use those safety devices as are in common use among carriers and the lower court committed no error in directing a verdict because of the unusual and unforeseen character of the injury.

2. The city was engaged in a governmental function and such contention is carried out by the weight of authority, he collection of rubbish, ashes and garbage are to protect the health and life of the individual and therefore affects the public at large.

3. Many cases and authority for the contention supra are cited. Shillings v. Cinn., 22 O. C. N. S. 526o Cinn. v. Cameron, 33 OS. 336; Akron (City) v. Butler, 108 OS. 123; Stadler v. Cleveland, 12 N. P. (n.s.) 321.

Judgment affirmed.

(Vickery & Levine, JJ., concur.)

Attorneys—Quigley & Byrne for Gorman; Squire, Saunders & Dempsey for Railway Co; Carl Shuler for City; all of Cleveland.